**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DEMARIO GILLARD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:04 CV 159 LMB** |
| | ) | |
| **UNKNOWN HARDEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff DeMario Gillard in plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Harden, et al. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Plaintiff has filed a document titled "Responding to Defendants Summary Judgment," which has been docketed as a Motion for Reconsideration. (Document Number 26). Plaintiff has also filed a motion to appoint counsel (Doc. No. 27), and an untitled document docketed as a "Motion for Ruling to Order Southeast Correctional Center to Allow Plaintiff Access to the Law Library and to Allow Plaintiff to Take Pictures of His Foot." (Doc. No. 28). Defendants have not responded to plaintiff's motions.

In his Complaint, plaintiff, who resides at Southeast Correctional Center ("SCC"), states that he has sores on his feet, and that he requires special orthopedic shoes. Plaintiff claims that defendants, employees at SCC, were deliberately indifferent to his medical needs in failing to obtain orthopedic shoes for him to replace ones that were stolen from him.

- 1 -

Defendants filed a Motion for Summary Judgment, which the court granted on March 27, 2006. (Doc. No. 23). The undersigned found that there was no genuine issue of material fact that Defendants Hardin, Babich, and Hakala did not show deliberate indifference to plaintiff's serious medical needs. The undersigned further found that Defendant CMS was not a suable entity.

On April 12, 2006, plaintiff filed the document titled "Responding to Defendants Summary Judgment," in which he raises arguments in opposition to the entry of summary judgment in defendants' favor. The court will construe this document as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." Watkins v. Lundell, 169 F.3d 540, 544-45 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

In this case, the court finds that plaintiff's arguments lack merit. Plaintiff does not cite any of the enumerated circumstances justifying relief from the court's Order granting summary judgment in favor of defendants on his Complaint. Rather, plaintiff merely makes the same arguments that he made in his Complaint, Response to defendants' Motion for Summary Judgment, and other related filings with the court. Plaintiff has provided no support for his request that the court now reopen the case. Rule 60(b) motions are not vehicles for simple reargument on the merits. See Broadway, 193 F.3d at 990. Thus, plaintiff is not entitled to relief

from the court's Order granting summary judgment in favor of defendants on his Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Doc. No. 26) be

and it is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions be denied as moot.

Dated this __19th__ day of December, 2006.

_Lewis M. Blanton_

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE